# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | CAUSE NO.: 1:16-CR-27-TLS |
| | ) | |
| STEPHAN M. DAVIS, | ) | |

## OPINION AND ORDER

The Defendant, Stephan Davis, pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The probation officer drafted a Presentence Investigation Report (PSR) in preparation for sentencing. This Opinion and Order resolves the Defendant's objections to the PSR.

## BACKGROUND

On May 25, 2016, the Government filed an Indictment [ECF No. 16] that charged the Defendant with being a felon in possession of a firearm, pursuant to 18 U.S.C. § 922(g)(1). The Defendant entered into a Plea Agreement [ECF No. 27] on September 23, 2016. Then, on October 3, 2016, the Magistrate Judge entered a Report and Recommendation [ECF No. 31], and on October 20, 2016, this Court accepted the recommended disposition and adjudged the Defendant guilty [ECF No. 32].

On January 18, 2017, the probation officer issued the Final PSR [ECF No. 39], which included a two-level enhancement, pursuant to U.S.S.G. § 2K2.1(b)(4)(A), due to the firearm in this case—a Walther P99c AS, .40 caliber pistol—having been stolen. In the Addendum to the Final PSR [ECF No. 40], the probation officer stated that she "reviewed the above guideline and previously made contact with the case agent who confirmed the store owner reported the firearm stolen. As such, no revision was made." (Addendum to PSR 1, ECF No. 40.)

Thereafter, the Defendant filed a Sentencing Memorandum and Motion for Downward Variance Pursuant to 18 U.S.C. § 3553(a) [ECF No. 45] on March 8, 2017. In the Memorandum, the Defendant renewed his objection to the § 2K2.1(b)(4)(A) enhancement. Acknowledging that under *United States v. Schnell*, 982 F.2d 219 (7th Cir. 1992), "scienter is not required for the enhancement under U.S.S.G. § 2K2.1(b)(4)(A)," the Defendant nevertheless argued that

> On the date in question, Mr. Davis was married to Amanda (Williamson) Davis, with whom he resided at 203 South Main Street, Apt. C, Kendalville, Indiana. This residence is an apartment above Ms. Davis' father's firearms store—Ammo & Gun Supply. In March, 2016, prior to her marriage to Mr. Davis, Ms. Davis was employed by her father, Greg Williamson, as a clerk at the store. It was understood by Mr. Davis that Ms. Davis was permitted to remove and use firearms from the store. It was under this arrangement that the firearm came into his possession.
>
> It is important to note that the firearm was not reported stolen until June 10, 2016, after law enforcement officers contacted Mr. Williamson. At that point, according to reports, he conducted an inventory and found the firearm, along with two (2) others, were missing.

(Def.'s Sentencing Mem. 1–2, ECF No. 45.) The Government reiterated its position that the § 2K2.1(b)(4)(A) enhancement was appropriately applied because the gun was stolen, regardless of the Defendant's knowledge. (Gov't's Sentencing Mem. 2–3, ECF No. 46.)

## ANALYSIS

For a conviction under 18 U.S.C. § 922(g)(1), the Guidelines add 2 points to a defendant's offense level "if any firearm . . . was stolen." U.S.S.G. § 2K2.1(b)(4)(A). Application Note 8(B) states that "Subsection (b)(4) applies regardless of whether the defendant knew or had reason to believe that the firearm was stolen or had an altered or obliterated serial number." The Seventh Circuit has held that it was the intent of the Guidelines' drafters "to omit the element of *mens rea* in § 2K2.1(b)(4)," and that the omission of a scienter requirement "does not violate due process." *Schnell*, 982 F.2d at 220–22. The evidence must only "establish by a

2

preponderance of the evidence" that the firearm in question was stolen. *United States v. Sanchez*, 507 F.3d 532, 539 (7th Cir. 2007) (citing *United States v. Birk*, 453 F.3d 893, 899 (7th Cir. 2006)).

The Defendant challenges that the "firearm was stolen at the time he possessed it." (Def.'s Sentencing Mem. 2.) He argues that his ex-wife worked for her father at the latter's gun store and was permitted by her father "to remove and use firearms from the store," which is how the firearm came into his possession. (*Id.* 1–2.) The firearm was not reported stolen until June 10, 2016, which was after the Defendant was arrested and indicted. The Defendant argues that these facts show that the firearm was not stolen. The Government counters by stating that "the gun store owner filed a theft report for the firearm in question with the Kendallville Police Department" in which he stated that the Defendant's "wife did not have permission to remove and use firearms from the gun store." (Gov't's Sentencing Mem. 2.) "The gun store owner filed this report, knowing that the firearm had been found in the possession of the [Defendant]." (*Id.*) The reason that the report was filed after the Defendant's arrest and indictment was that the gun store owner "realized that the gun recovered from [the Defendant] was missing from his store along with two other" firearms only after "ATF asked" him to conduct an inventory. (*Id.* 2–3.)

Although "the language of the guideline should not be stretched even further to situations where the gun was never really stolen to begin with," *United States v. Richardson*, 309 F. Supp. 2d 1093, 1096 (E.D. Wis. 2004), the facts in the PSR clearly show that the firearm in this case was stolen. The gun store owner's filing of a police report, after he discovered that the firearm was missing from his inventory, is evidence that the Defendant's ex-wife did not have permission to possess the firearm. That, in turn, shows that the firearm was stolen at the time that

3

he possessed it.[1] Accordingly, the Court finds that the Government has established by a preponderance of the evidence that the gun the Defendant possessed was stolen. It was appropriate for the probation officer to find § 2K2.1(b)(4)(A) applicable in this case.

## CONCLUSION

For the reasons stated above, the Defendant's objection is OVERRULED as to the PSR's application of a two-level enhancement for his offense level calculation. The Court will rule on the Defendant's Motion for a Downward Variance, pursuant to 18 U.S.C. § 3553(a), at the Sentencing on March 20, 2017, at 1:30 PM.

SO ORDERED on March 13, 2017.

    s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

---

[1] To the extent that the Defendant argues that the firearm in this case was not stolen because it was not reported "stolen at the time of his offense," such arguments have been rejected by other courts. *See, e.g.*, *United States v. Hurst*, 228 F.3d 751, 764 (6th Cir. 2000) ("The fact that the handgun defendant Hurst possessed had not been stolen before defendant acquired it does not defeat the fact that he acquired it by theft and then possessed a stolen firearm."); *United States v. Luna*, 165 F.3d 316, 323–25 (5th Cir. 1999). Any such argument is similarly rejected here.